# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.  No. CR 19-1405 JB

RYAN FRANKLIN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentencing Investigation Report and Sentencing Memorandum, filed November 25, 2019 (Doc. 41)("Objections"). The primary issue is whether Defendant Ryan Franklin should be subject to a 7-level enhancement under § 2A2.2(b)(3)(C) of the United States Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2018)("U.S.S.G." or "Sentencing Guidelines"), because of the extent of the injury he inflicted on the victim ("M.D."). Franklin first objects to the enhancement, because "MD's injuries cannot be defined as permanent or life-threatening within the meaning of U.S.S.G §1B1.1." Objections at 3. See Presentence Investigation Report, filed September 24, 2019 (Doc. 36)("PSR"); United States' Response to the Defendant's Sentencing Memorandum, filed December 2, 2019 (Doc. 42)("Response"); Addendum to Presentence Investigation Report, filed December 4, 2019 (Doc. 43)("Addendum"). Franklin next objects that he did not "attempt[] to make contact with MD in October of 2018 and submits that there is no evidence that supports this allegation." Objections at 1 (citing PSR ¶ 8, at 3.). The Court sustains in part and overrules in part Franklin's first objection, because the Court concludes that, although the injury does not rise to a 7-level enhancement, it merits a 6-level enhancement. The Court overrules Franklin's

objection to the inclusion of the United States Attorney's Office's October, 2018, report that he contacted M.D. in violation of the no-contact order, because it is information the Court can consider and because the United States Probation Office ("USPO") will amend the PSR to better reflect the events.

**PROCEDURAL BACKGROUND**

On May 20, 2019, Franklin "pled guilty to Count 1 of the information, charging a violation of 18 U.S.C. §§ 1153 and 113(a)(6), that being Assault resulting in Serious Bodily Injury in Indian Country." Plea Agreement at 2 , filed May 20, 2019 (Doc. 31). As part of his Plea Agreement, he waived his rights to appeal his conviction and sentence. See Plea Agreement at 7. The USPO has submitted a PSR. See PSR at 1. Sentencing is set for March 13, 2020. See Notice of Hearing, filed January 29, 2020 (Doc. 52)(text-only entry).

    **1.**    **The Objections.**

Franklin filed Objections to the USPO's Presentence Investigation Report. See Objections at 1. Franklin makes two Objections. See Objections at 1-5. First, Franklin objects to the PSR's request for the Court to apply a 7-level enhancement under U.S.S.G. § 2A2.2(b)(3)(C) for inflicting permanent or life-threatening injuries to M.D. See Objections at 3. He states that her injuries are not permanent or life-threatening, because (i) she denied vision problems at a University of New Mexico Hospital visit, see Objections at 3; (ii) "[i]t is impossible to say whether any residual effects the injury has caused -- such as the slight enophthalmos[1] to her right eye -- would be cured

---

[1]"Enophtalmos is a posterior displacement of the eyeball within the orbit," because of "changes in the volume of the orbit (bone) relative to its contents (the eyeball and orbital fat), or loss of function of the orbitalis muscle. . . . It may be a congenital anomaly, or be acquired as a result of trauma." Wikipedia, Enophthalmos, https://en.wikipedia.org/wiki/Enophthalmos (last visited January 30, 2020).

had she undergone the recommended surgery to repair her orbital bone," Objections at 3; and (iii) no records show "any residual injury to her ear that is permanent or life threatening [sic] in nature." Objections at 4. Franklin cites United States v. Brown, 96 F. App'x 631,633 (10th Cir. 2004)(unpublished), in which the United States Court of Appeals for the Tenth Circuit held that a potentially permanent loss of vision justified a 6-level enhancement under U.S.S.G. § 2A2.2(b)(3)(E), for the proposition that, even if "M.D.'s orbital bone fracture *could* be permanent (should she forego the recommended surgery), at most this would support a six-level enhancement." Objections at 4 (emphasis in original). Franklin argues that, instead, the Court should apply a 5-level enhancement under U.S.S.G. § 2A2.2(b)(3)(B). Objections at 4.

Second, Franklin objects to the PSR's inclusion of the United States Attorney's Office's October, 2018, report that he contacted M.D. in violation of the no-contact order. See Objections at 5. The report states that M.D. received telephone calls from an unknown number in which the caller ended the telephone call before speaking. See Objections at 5. Franklin argues that the PSR should omit the October, 2018, report, because Franklin denies placing the calls and because there is no evidence that he placed the calls. See Objections at 5.

### 2. **The Response.**

The United States responds. See Response at 1. The United States addresses Franklin's first Objection regarding the 7-level enhancement. The United States contends that Franklin "caused serious permanent injury to the victim when he punched her multiple times in the face with his fists," causing her to sustain "a fractured orbital socket and torn ear." Response at 2. The United States says that M.D.'s eye is still disfigured -- she was diagnosed with enophthalmos, which causes her right eye to appear smaller than her left eye. See Response at 2. Although surgery may correct the condition, she "may have residual mild enopthth[almos] post op."

Response at 2. The United States argues that, because M.D. may still have the disfigurement after surgery, her injury's potential permanence renders a 7-level enhancement appropriate. See Response at 2 (citing United States v. Phillips, 239 F.3d 829, 848 (7th Cir. 2001)). In response to Franklin's second Objection regarding the PSR's inclusion of the October, 2018, report, the United States "concedes that there is no way to verify that the caller was indeed the Defendant." Response at 3.

### 3. The Addendum.

The USPO filed its Addendum. See Addendum at 1. After noting that the United States has not filed any objections to the PSR, the USPO addresses Franklin's first Objection. See Addendum at 1. The USPO maintains that a 7-level enhancement is appropriate, because M.D.'s "orbital socket was fractured so severely that she had to be airlifted from Gallup, New Mexico, to Albuquerque, New Mexico" where doctors were unable to perform reparative surgery "because of the level of swelling to her face." Addendum at 1. The USPO notes that M.D. also was diagnosed with enophthalmos, which "could potentially be permanent, or an orbital reconstruction surgery may be required to potentially fix the condition." Addendum at 2. The UPSO emphasizes that "there is no guarantee that a surgical procedure will not leave her with permanent disfigurement or continued enophthalmos." Addendum at 2. The USPO also notes that M.D. is experiencing anxiety and fear, which may be permanent concerns. See Addendum at 2.

The USPO then addresses Franklin's second objection. The USPO states that its PSR does not draw any conclusions regarding the telephone calls and instead "simply related information gathered from the victim and the United State's Attorney's office of the events that took place on October 30, 2019." Addendum at 2. The USPO says that it notes in its PSR that Franklin denies making the calls. See Addendum at 2. The USPO amended the PSR to clarify the incident and

"maintain[s] that this information is beneficial to the Court." Addendum at 2.

## RELEVANT LAW REGARDING THE GUIDELINES

U.S.S.G. § 2A2.2(b)(3) provides:

(3) If the victim sustained bodily injury, increase the offense level according to the seriousness of the injury:

| Degree of Bodily Injury | Increase in Level |
|---|---|
| (A) Bodily Injury | add 3 |
| (B) Serious Bodily Injury | add 5 |
| (C) Permanent or Life-Threatening Bodily Injury | add 7 |
| (D) If the degree of injury is between that specified in subdivisions (A) and (B), | add 4 levels; or |
| (E) If the degree of injury is between that specified in subdivisions (B) and (C), | add 6 levels. |

U.S.S.G. § 2A2.2(b)(3). Application note 1 to this Guideline states that the terms "bodily injury," "serious bodily injury," and "permanent or life-threatening bodily injury," "have the meaning given those terms in § 1B1.1." U.S.S.G. § 2A2.2 cmt. n.1. Bodily injury "means any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B). Serious bodily injury "means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(L). Permanent or life-threatening bodily injury "means injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious

disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1 cmt. n.1(J). See United States v. Francisco, No. CR 11-0189 JB, 2012 WL 3150319, at *6 (D.N.M. July 31, 2012)(Browning, J.). "The plain language of application note 1([k]) encompasses injuries that may not be terribly severe but are permanent, hence the disjunctive: 'permanent or life-threatening injuries.'" United States v. Akendeu, No. CR 18-0223 JB, 2019 WL 1002362, at *1 (D.N.M. March 1, 2019)(Browning, J.)(quoting United States v. Phillips, 239 F.3d 829, 848 (7th Cir. 2001)(internal quotations omitted)).

## ANALYSIS

Permanent or life-threatening bodily injury "means injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1 cmt. n.1(J). The Court concludes that the orbital fracture is not a permanent or life-threatening injury; M.D. "denie[d] any vision problems" at a medical appointment, and the record does not show that the orbital fracture is an obvious disfigurement. Outpatient Notes of Elizabeth Sanchez at 1, filed December 2, 2019 (Doc. 12-1). The record before the Court also does not support a finding that M.D.'s torn ear or enophthalmos are "obvious disfigurement[s] that [are] likely to be permanent." U.S.S.G. § 1B1.1 cmt. n. 1(J). Even if M.D.'s torn ear leaves a permanent scar, it will be a relatively small scar on a relatively hidden part of the body, so the Court cannot say that the scar rises to the level of an obvious disfigurement. Compare with United States v. Francisco, 2012 WL 3150319, at *9 (declining to apply a 7-level enhancement and instead applying a 6-level enhancement where an injury left a thirteen centimeter scar on the victim's face, because the record did not support characterizing the scar as an obvious disfigurement). Furthermore, a medical provider described M.D.'s enophthalmos as "slight," which does not

- 6 -

support a finding that her disfigurement is obvious.  Outpatient Notes at 1.

The Court finds, however, that the injuries rise above a 5-level enhancement under U.S.S.G. § 2A2.2(b)(3)(B).  The Tenth Circuit has concluded that an injury that "might be permanent" "by itself" supports an enhancement between a serious-bodily-injury enhancement and a permanent-or-life-threatening-bodily-injury enhancement.  United States v. Brown, 96 F. App'x at 633.[2]  A medical provider stated that M.D. may continue to have "residual mild enoph[thalmos] post op[eration]."  Eye Outpatient Treatment Log, filed December 2, 2019 (Doc. 42-1).  Because her injury may be permanent even with surgery, her injury rises above the level of a serious bodily injury.  Moreover, the Tenth Circuit has directed district courts to "'act on the basis of the victim's current condition and current medical information.'"  United States v. James, No. 18-3227, 2020 WL 104491, at *4 (10th Cir. Jan. 9, 2020)(unpublished)(quoting United States v. Webster, 500 F.3d 606, 607-08 (7th Cir. 2007)).  If a victim's impairment, at the time of sentencing, has not been repaired and "'will last for life unless surgically corrected in the future, then it should be treated as permanent under the Guidelines unless future correction would be a straightforward procedure.'"  United States v. James, 2020 WL 104491, at *4 (quoting United States v. Webster,

---

[2]United States v. Brown is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent. . . .  And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United States v. Brown and United States v. James have persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

500 F.3d at 608 (internal quotation marks omitted)).  The record shows not only that M.D.'s injuries are unlikely to be repaired at time of sentencing, but it also makes clear that the surgical correction would not be a straightforward procedure, as the procedure may not fully repair the issue, and M.D. is struggling to schedule the procedure because of her employment and her childcare responsibilities.  See Addendum at 2.  Compare with United States v. James, 2020 WL 104491, at *4 (characterizing the knee replacement surgery as "not a straightforward procedure," because the doctor wanted to delay the knee surgery because of the victim's age).

The Court overrules Franklin's second Objection.  The information is in the PSR's "Pretrial Services Information" section.  PSR at 3.  Because the incident involves communication between Pretrial Services and Franklin, and a report from the victim, the incident's inclusion is appropriate.  See PSR at 3; United States v. Romero, No. CR 09-1253 JB, 2012 WL 6632493, at *15 (D.N.M. Dec. 6, 2012)(Browning, J.)("'[S]entencing courts have broad discretion to consider various kinds of information.'")(quoting United States v. Watts, 519 U.S. 148, 151-52)(1997)); United States v. Sandoval, 506 F. Supp. 2d 582, 593 (D.N.M. 2007)(Browning, J.)("[I]t is proper for the Court to consider" information that was not relevant to the sentencing and that took "into consideration uncharged allegations that other witnesses made.").  The Court overrules this Objection, however, with the understanding that the USPO will, as it promises to do in its Addendum, amend the section to clarify that the telephone calls came from an unknown number and that the United States concedes that there is no evidence that Franklin was the caller.  See Addendum at 2.

**IT IS ORDERED** that the Defendant's Objections to the Presentencing Investigation Report and Sentencing Memorandum, filed November 25, 2019 (Doc. 41), are sustained in part and overruled in part.  The Objections are sustained in part as to the application of the 7-level sentencing enhancement U.S.S.G. § 2A2.2(b)(3)(A), and overruled in part as to the application of

the 5-level sentencing enhancement U.S.S.G. § 2A2.2(b)(3)(B), and to the inclusion of the October, 2018, incident in the Presentence Investigation Report, filed September 24, 2019 (Doc. 36).

                                                                                            _____
                                                                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
   United States Attorney
Elisa Christine Dimas
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Amanda R. Lavin
   Assistant Federal Public Defender
Federal Public Defenders Office
Albuquerque, New Mexico

      *Attorney for the Defendant*